# IN THE UNITED STATES DISTRICT COURT FOR
# THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 03-CR-025-001-TCK |
| | ) | |
| PATRICK WAYNE MANNING, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Before the Court is defendant's motion for sentence modification (Doc. 144). Defendant requests modification of the judgment to order the instant sentence to run concurrently with the imprisonment terms imposed in Tulsa County District Court case CF-2009-1023.

On April 6, 2010, defendant appeared for sentencing on a writ of habeas corpus ad prosequendum from state custody, following his stipulation that he violated the conditions of his term of supervised release by committing a new law violation. Defendant was sentenced to 14 months in the custody of the Bureau of Prisons, to be served consecutively to the sentences imposed in Tulsa County case CF-2009-1023. The Court was authorized to order the revocation term to run consecutively to the state sentences. See 18 U.S.C. § 3584(a) (a term of imprisonment imposed on a defendant subject to an undischarged term of imprisonment may run concurrently or consecutively to the undischarged term); see also USSG § 7B1.3(f) (any term of imprisonment imposed upon revocation of supervised release shall run consecutively to any sentence of imprisonment being served by the defendant). When sentenced on the instant matter, defendant was in the primary custody of the State of Oklahoma after having been sentenced on December 14, 2009, to an aggregate term of 160 years in Tulsa County case CF-2009-1023. Upon satisfaction of the state

sentences, defendant will be transferred to a federal penal facility to begin serving his revocation term.

The Court does not have the authority to amend the judgment. A district court's authority to reconsider sentencing may only stem from a statute or rule of criminal procedure that expressly grants the court jurisdiction to do so. United States v. Mendoza, 118 F.3d 707, 709 (10th Cir. 1997); see United States v. Smartt, 129 F.3d 539, 541 (10th Cir. 1997) (holding that unless the basis for resentencing falls within one of the specific categories authorized by statute, the district court lacks jurisdiction to consider defendant's request); United States v. Blackwell, 81 F.3d 945, 947, 949 (10th Cir.1996) (holding a district court is authorized to modify a defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so, so a district court does not have inherent power to resentence defendants at any time); 18 U.S.C. § 3582(b). See also Fed. R. Crim. P. 35(a) – Correcting or Reducing a Sentence; United States v. Green, 405 F.3d 1180 (10th Cir. 2005) (district court did not have jurisdiction to resentence defendant more than [fourteen] days after imposition of sentence).

Defendant's request for modification of judgment to order a concurrent sentence must be dismissed for lack of jurisdiction.

**IT IS THEREFORE ORDERED** that defendant's motion for sentence modification (Doc. 144) is **dismissed for lack of jurisdiction**.

**IT IS SO ORDERED** this 22nd day of March, 2012.

UNITED STATES DISTRICT JUDGE